# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS RIVERA JR., | : |
| Plaintiff, | : |
| v. | : 3:18-CV-00031 |
| | : (JUDGE MARIANI) |
| ANDREW SAUL[1], | : |
| Defendant. | : |

## MEMORANDUM OPINION

On January 5, 2018, Plaintiff Jose Rivera, Jr. filed a Complaint seeking judicial review of a final decision made by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his application for Social Security Disability benefits. (Doc. 1). This matter was referred to Magistrate Judge Joseph F. Saporito, Jr. to prepare a Report and Recommendation ("R&R"). On March 15, 2019, Magistrate Judge Saporito issued an R&R (Doc. 15) recommending that the Commissioner's final decision denying Plaintiff's application for benefits should be vacated, and this case should be remanded to the Commissioner to conduct a new administrative hearing. Defendant, the Commissioner of Social Security, filed Objections (Doc. 16) on March 25, 2019, to which Plaintiff did not file a response. Upon *de novo* review of Magistrate Judge Saporito's R&R, the Court will overrule Defendant's Objections and adopt the pending R&R.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named Defendant in place of the former Commissioner of Social Security.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Defendant filed one objection to Magistrate Judge Saporito's findings. (Doc. 16).

When reviewing the Commissioner's final decision denying a claimant's application for Disability Insurance Benefits, a District Court is limited to a deferential review of whether there is substantial evidence to support the findings of the Commissioner. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Factual findings which are supported by substantial evidence must be upheld. *Ficca v. Astrue*, 901 F.Supp.2d, 533, 536 (M.D. Pa. 2012) (citing 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

Defendant objects to Magistrate Judge Saporito's "finding that the ALJ inadequately discussed the medical opinion offered by Dr. Evans and, therefore, his RFC assessment lacked substantial support." (Doc. 16 at 3–4). Defendant argues that the "the ALJ sufficiently discussed Dr. Evans's opinion and articulated that it was entitled to just partial weight because the limitations resulting from Plaintiff's visual impairment were exaggerated by Dr. Evans." (*Id.* at 4).

At the outset, it is important to note that Dr. David Evans is an optometrist[2] who performed an Ophthalmological Disability Examination of Plaintiff. (Doc. 8-10 at 47). In discussing this medical opinion evidence, the ALJ highlighted Dr. Evans' findings that Plaintiff "could not read small print, could not read ordinary sized book print, could not differentiate between small objects, and could not view a computer screen." (Doc. 8-4 at 42). The ALJ gave this opinion partial weight, as he agreed that Plaintiff is "limited to a degree," but found that "the extent of the limitation is exaggerated" by Dr. Evans. (Doc. 8-4 at 42). More specifically, the ALJ did not accept Dr. Evans' opinion that Plaintiff should be completely restricted from using a computer monitor or screen, and instead allowed for such use when the screen could be enlarged. (*Id*).

As the finder of fact, an ALJ is entitled generally to credit parts of a medical opinion without crediting the entire opinion. *Thackara v. Colvin*, No. 1:14-CV-00158-GBC, 2015 WL 1295956, at *5 (M.D.Pa Mar. 23, 205) (citing *Lee v. Comm'r Soc. Sec.*, 248 F.App'x 458,

---

[2] Plaintiff's Brief mistakenly referred to Dr. Evans as an ophthalmologist. (Doc. 11 at 19).

461 (3d Cir. 2007). However, under the substantial evidence standard, the ALJ's decision must provide "a clear and satisfactory basis on which" his decision rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). In resolving conflicts in the evidence, the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting such evidence. *Id*. at 706–07.

In his R&R, Magistrate Judge Saporito found remand is necessary because "the ALJ failed to consider, discuss, and weigh" the opinion evidence of Dr. Evans. Specifically, Magistrate Judge Saporito found that the ALJ failed to include Dr. Evan's findings that Plaintiff had decreased central acuity due to macular changes from diabetic retinopathy, that Plaintiff cannot sort, handle or use paper files due to blurred vision, and that Plaintiff's limitations have lasted or will last for 12 consecutive months. (Doc. 15 at 20–21). Magistrate Judge Saporito found, and the Court agrees, that the evidence presented by Dr. Evans is significant and should have been addressed by the ALJ.

Magistrate Judge Saporito further noted that the ALJ failed to properly consider Dr. Evans as a specialist. (*Id*. at 21). More weight is generally given to the medical opinion of a specialist about medical issues related to his area of specialty than to the medical opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(c)(5); *See Batdorf v. Colvin*, 206 F.Supp.3d 1012, 1022–23 (M.D.Pa 2016) (holding the ALJ erred in giving more weight to the opinion of a state agency non-examining physician than to opinions of a consulting examiner and a state agency medical consultant specializing in neurology).

Although Magistrate Judge Saporito found that the ALJ "made no reference to Dr. Evans as a specialist," Defendant points out that the ALJ's opinion did in fact refer to Dr. Evans' credentials as "OD" (Doctor of Optometry). (Doc. 15 at 18; Doc. 16 at 5–6). Defendant argues this denotation indicates that the ALJ was "well aware of Dr. Evans' specialty." (Doc. 16 at 6). However, the ALJ's opinion did not provide a discussion of Dr. Evans' status as a specialist, and as Magistrate Judge Saporito noted, it is unclear whether the ALJ's failure to discuss Dr. Evan's status as a specialist "was an oversight or if she intentionally chose to ignore it." (Doc. 15 at 21).

By contrast, Defendant argues the ALJ sufficiently supported his decision to give Dr. Evans' opinion partial weight by providing an example of a contradiction with Plaintiff's own testimony. (Doc. 16 at 4). Specifically, the ALJ provided one example, stating that Dr. Evans' opinion that Plaintiff could not view a computer screen was inconsistent with the fact that Plaintiff "readily admitted at the hearing that he is able to read print on a computer screen, particularly if he is able to magnify the same." (Doc. 8-4 at 42). However, this is a misrepresentation of Plaintiff's hearing testimony. Regarding Plaintiff's ability to read small print, the ALJ asked:

> **Q**: And do - - you mentioned television. Do you do any reading or anything?
> **A**: No, because I can't see small print.
> **Q**: And do you use any type of computer or monitor to enlarge the print to do anything?
> **A**: Sometimes my cell phone.
> **ATTY**: So, you're clear. The question asked about looking at it and enlarging the print.
> **CLMT**: Yes, I enlarge the print to look at it.

> **Q**: So if you enlarge the print, you can use something like that?
> **A**: Yes, absolutely.

(Doc. 8-4 at 60–61). A fair reading of this exchange suggests that Plaintiff can only look at a computer or monitor if he is able to enlarge the print, which he is able to do on his cellphone. That is not the same as Plaintiff readily admitting he is able to read print on a computer screen, "*particularly* if he is able to magnify" it. (*Id*. at 42) (emphasis added). The ALJ's potential mischaracterization of Plaintiff's testimony does not provide "a clear and satisfactory basis" for why she chose to dismiss the medical opinion of a specialist that is largely consistent with the medical records and Plaintiff's own testimony. *Cotter*, 642 F.2d at 704.

Therefore, in consideration of the ALJ's failure to discuss many significant findings of Dr. Evans, a specialist, the ALJ's reasoning for rejecting Dr. Evans' opinion is not supported by substantial evidence. The Court will overrule Plaintiff's Objection, adopt the pending R&R, vacate the Commissioner of Social Security's decision, and remand the case to the Commissioner for further proceedings. A separate Order follows.

Robert D. Mariani
United States District Judge